# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA MCCLINTOCK**                                           **CIVIL ACTION**

**VERSUS**                                                                    **NO. 23-1066-JWD-RLB**

**ALLSTATE INSURANCE COMPANY**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 5, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CYNTHIA MCCLINTOCK                                  CIVIL ACTION

VERSUS                                                          NO. 23-1066-JWD-RLB

ALLSTATE INSURANCE COMPANY

## REPORT AND RECOMMENDATION

This report and recommendation is issued *sua sponte*. The Complaint in this matter was filed on August 28, 2023. (R. Doc. 1). The Complaint contained a Certification Letter pursuant to General Order 2023-12 indicating plaintiff was a former client of McClenny, Moseley & Associates (MMA). (R. Doc. 1-2). On December 16, 2023, attorneys Ravi Sangisetty and Brooke Long sought to substitute as counsel for plaintiff in place of Heather Ford. (R. Doc. 4). The Court granted the request. On March 7, 2024, the parties filed a joint status report and the Court subsequently entered a Scheduling Order. (R. Docs. 14, 15).

On January 6, 2025, counsel for plaintiff filed a motion to withdraw on the basis that counsel had lost contact with plaintiff and mailings were returned undeliverable. (R. Doc. 18). On January 7, 2025, the Court entered an order granting the withdrawal of counsel for plaintiff and scheduled a telephone conference for January 21, 2025 to discuss whether plaintiff intended to pursue this matter. (R. Doc. 20). The Clerk of Court was directed to update the docket sheet with the contact information contained in the motion to withdraw and to serve a copy of the order on plaintiff by regular and certified mail. Plaintiff was advised that failure to participate may result in an order to show cause being issued. Further, plaintiff's former counsel, Ravi Sangisetty and Brooke Long, were also directed to provide a copy of the order to plaintiff.

On January 21, 2025, Plaintiff failed to appear for the telephone conference. Due to the extreme weather affecting the district, the telephone conference was rescheduled by text notice to

February 4, 2025. (R. Doc. 21). A review of the docket indicates the most recent text notice was also sent to plaintiff at the address listed on the docket. Subsequently, however, the Court's prior January 7th order was returned undeliverable. (R. Doc. 22). Further, Plaintiff again failed to appear for the telephone conference scheduled for February 4, 2025. (R. Doc. 23). Defense counsel advised that plaintiff has not made any contact with them.

A review of the record, as well as the information contained in the motion to withdraw filed by attorneys Ravi Sangisetty and Brooke Long, reflects that it does not appear that Plaintiff intends to move forward with this lawsuit. Even if she does intend to do so, her refusal to remain in contact with her prior attorneys, her apparent relocation from her prior address, her failure to keep the Court and/or opposing counsel apprised of her contact information, and her failure to participate in a status conference as ordered, prevents this matter from proceeding. Quite simply, the Court and opposing counsel have no way to contact the plaintiff.

In this instance, dismissal is warranted under Fed. Rules Civ. P. 16 and 37. Under Fed. R. Civ. P. 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for certain purposes. If a party or its attorney "fails to appear at a . . . pretrial conference[,]" a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)[.]" Fed. R. Civ. P. 16(f). As one of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) is "dismissing the action or proceeding in whole or in part[,]" the captioned matter may be dismissed for plaintiff's failures to appear at a pretrial conference.

As a practical matter, the case cannot proceed against the defendant if Plaintiff does not prosecute it or respond to the Court's orders regarding disposition of the case. Plaintiff's failure to prosecute effectively deprives the defendant of the opportunity to defend itself from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14-day period to advise the Court if he wishes to proceed with his case. The timeframe to submit objections to this Report and Recommendation will give him that time.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute and failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on February 5, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**